UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| CHARLES D. NADEAU,<br><br>                             Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                             Respondent. | 3:24-CV-03011-ECS<br><br>ORDER DIRECTING SERVICE AND TO SHOW CAUSE |

Movant Charles D. Nadeau filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. Nadeau seeks to collaterally attack the June 13, 2023, judgment revoking his supervised release and ordering imprisonment of 24 months in the custody of the United States Bureau of Prisons. Doc. 1 at 1. Nadeau also filed a motion to proceed without prepayment of fees, Doc. 2, and filed a certified prisoner trust account report, Doc. 3.

I.      **Motion to Proceed without Prepayment of Fees**

The advisory committee notes to Rule 3 of the Rules Governing § 2255 Proceedings provide that "[t]here is no filing fee required of a movant under these rules." Because Nadeau is not required to pay a filing fee to proceed with a § 2255 motion, his motion to proceed without prepayment of fees, Doc. 2, is denied as moot.

II.     **Rule 4(b) Screening**

This Court is to dismiss a motion under § 2255 if it "plainly appears . . . that the moving party is not entitled to relief[.]" Rule 4(b), Rules Governing § 2255 Proceedings. This Court has screened Nadeau's motion as required by Rule 4(b) and determined that his claims may be procedurally defaulted because he failed to raise them on direct appeal. Nadeau raises eight

grounds for relief in his Section 2255 motion. Doc. 1 at 4–15. According to Nadeau's motion, he did not raise any of the eight grounds for relief asserted in his 2255 motion as issues in his direct appeal. Id.

Generally, movants are precluded from asserting claims in motion pursuant to 28 U.S.C. § 2255 that they did not raise on direct appeal. United States v. Frady, 456 U.S. 152, 158–59 (1982); United States v. Darden, 915 F.3d 579, 586 (8th Cir. 2019). When a § 2255 movant asserts a claim that is procedurally defaulted because it was not raised on direct appeal, the claim can only proceed after the movant has shown either (1) actual innocence or (2) that the procedural default should be excused because there was both cause for the default and actual prejudice to the movant. Bousley v. United States, 523 U.S. 614, 621–22 (1998); McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001).

### III. Conclusion

Accordingly, based on the foregoing screening and analysis, it is

ORDERED that the Clerk of Court will serve Nadeau's § 2255 motion, Doc. 1, and this Order Directing Service and to Show Cause on the United States Attorney for the District of South Dakota. It is further

ORDERED that Nadeau and the United States Attorney for the District of South Dakota are directed to file briefs on or before **September 23, 2024**, showing cause why Nadeau's § 2255 motion should not be dismissed as procedurally defaulted. If there are other grounds for dismissal, Respondent may raise those grounds in its responsive pleading. It is finally

ORDERED that Nadeau's motion proceed without prepayment of fees, Doc. 2, and motion

for response, Doc. 5, are denied as moot.

DATED August 26, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE